UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

------------------------------------- x
Debbie Pittman, on behalf of herself and : Case no. 1:25-cv-5414
all others similarly situated, :
:
              Plaintiffs, :
:
              v. :
:
Sarah Flint, Inc., :
:
              Defendant. :
:
------------------------------------- x

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

1. Plaintiff filed this action on May 15, 2025, asserting claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–89, and related claims for declaratory relief and negligent infliction of emotional distress. (Exhibit A)
2. The Complaint alleges that Defendant owns and operates a website (https://sarahflint.com) that contains multiple barriers that deny blind and visually impaired individuals full and equal access to its goods and services.
3. Defendant is not in the military service of the United States.
4. Defendant was duly served with the Complaint and Summons on May 27, 2025 as evidenced by the proof of service filed with the Court. (ECF No. 7) (Exhibit B).
5. Defendant has failed to appear, plead, or otherwise defend this action, and the Clerk of the Court entered default on June 23, 2025 (ECF No. 8).

### **ARGUMENT**

1. Once default is entered, all well-pleaded allegations in the Complaint, except those relating to damages, are deemed admitted. See e360 *Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).
2. Plaintiff alleges, and Defendant has not contested, that Plaintiff is legally blind and uses screen-reading software; that Defendant's website is inaccessible to blind users and lacks compliance with WCAG 2.1/2.2 standards; and that Defendant failed to remove access barriers, violating the ADA's requirement that places of public accommodation provide equal access to persons with disabilities.
3. Defendant's conduct constitutes unlawful discrimination under 42 U.S.C. §§ 12182(a), (b)(1)(A), and (b)(2)(A)

4. This action seeks declaratory and injunctive relief as follows:
5. Enter permanent injunctive relief requiring Defendant to make the website accessible in conformance with WCAG 2.2 Level AA standards within 180 days.
6. Maintain accessibility through ongoing monitoring and compliance procedures.
7. Enter a declaratory judgment that Defendant's website, as currently constituted, violates the ADA.
8. Award compensatory damages to Plaintiff in an amount determined by the Court to fairly redress the emotional distress suffered.
9. Award reasonable attorneys' fees and costs, to be determined upon subsequent petition.
10. Therefore, a Judgment in favor of Plaintiff would be proper.
11. A proposed judgment is attached as **Exhibit C**.

## NO NEED FOR AN INQUEST

WHEREFORE, Plaintiff respectfully requests entry of default and the entry of the attachment judgment against Defendant.

Dated: June 26, 2025

Respectfully Submitted,

**/s/ David B. Reyes**
By: David B. Reyes, Esq.
68-29 Main Street,
Flushing, NY 11367
Tel: (630)-478-0856
Email: Dreyes@ealg.law